UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CREDITORS TRADE ASSOCIATION, INC.,

        Plaintiff(s),

    v.

GLOBALWARE SOLUTIONS, INC., et al.,

        Defendant(s).
_____/

No. C 11-4258 PJH

**ORDER OF DISMISSAL**

The complaint in this matter was filed on August 29, 2011, and on the same day, summonses were issued for defendants and a scheduling order setting a case management conference for December 9, 2011 was filed. On September 20, 2011, the summonses were returned executed. However, no answers were filed by any defendant. At the December 9, 2011 case management conference, no appearance was made by any party. The case was subsequently reassigned to the undersigned judge because no consent to the then assigned magistrate judge had been received. A new scheduling order was filed on December 14, 2011, setting a new case management conference for January 12, 2012. Again, no appearance was made by any party. Even though defendants have been served and appear to have defaulted, since it is plaintiff's responsibility to prosecute this matter and because plaintiff has chosen not appear in response to the court's orders not once but twice and has not otherwise sought defendants' default, the court issued an Order to Show Cause ("OSC") why the case should not be dismissed for plaintiff's failure to prosecute, and scheduled a hearing on the OSC for January 26, 2012. The OSC specifically warned plaintiff that if it failed to appear again, the case would be dismissed

for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff did not appear at the hearing on the OSC on January 26, 2012. The court having considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action. In view of plaintiff's lack of response to this court's prior orders, the court finds there is no appropriate less drastic sanction. Accordingly, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 26, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge